DAWN SESTITO (S.B. #214011)
dsestito@omm.com
R. COLLINS KILGORE (S.B. #295084)
ckilgore@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: +1 213 430 6000
Facsimile: +1 213 430 6407

Attorneys for Defendant
Trader Joe's Company

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| LYNN MOORE, SHANQUE KING, and JEFFREY AKWEI,<br><br>Plaintiffs<br><br>v.<br><br>TRADER JOE'S COMPANY,<br><br>Defendant. | Case No. 4:18-cv-04418-KAW<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT TRADER JOE'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, MOTION TO STRIKE**<br><br>Judge: Hon. Kandis A. Westmore<br>Courtroom: ___<br>Date: Thursday, March 21, 2019<br>Time: 1:30 PM |

**DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS, OR, IN THE ALTERNATIVE, MOTION TO STRIKE**

## I. INTRODUCTION

Pursuant to Federal Rule of Evidence 201, Defendant Trader Joe's Company ("Trader Joe's") respectfully requests that the Court take judicial notice of the documents referenced in the Declaration of Collins Kilgore ("Kilgore Declaration") filed in support of Defendant's Motion to Dismiss, or, in the alternative, Motion to Strike Plaintiffs' First Amended Complaint ("FAC"):

1) Webpage entitled "Grading System Explained" of the Unique Manuka Factor Honey Association ("UMF Grading System"), which is attached to the Kilgore Declaration as **Exhibit 1**.

2) Webpage of Bee's and Tree's ("Bee's and Tree's Webpage"), which is attached to the Kilgore Declaration as **Exhibit 2**.

3) Webpage of the True Honey Company ("True Honey Webpage"), entitled "Why Is Manuka Honey So Expensive?" and dated March 10, 2017, which is attached to the Kilgore Declaration as **Exhibit 3**.

## II. ARGUMENT

Under Federal Rule of Evidence 201, a court may take judicial notice of an adjudicative fact "not subject to reasonable dispute" in that it is either "(1) generally known within the trial court's territorial jurisdiction" or "(2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  The documents referenced above meet this standard and therefore should be judicially noticed.

Although a court does not normally consider matters outside the complaint on a motion to dismiss, it may properly take judicial notice of documents (1) incorporated by reference into the complaint; (2) central to plaintiff's claims; and (3) as to which no party questions the authenticity or relevance of the copies

provided.  *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.") (citations omitted); *see also Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (determining a court may take judicial notice of documents that are "crucial to the plaintiff's claims, but not explicitly incorporated in his complaint" on a motion to dismiss), *overruled by statute on other grounds as stated in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681–82 (9th Cir. 2006); *accord Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

  The Court should take judicial notice of the UMF Grading System, because it represents the Unique Manuka Factor (UMF) Honey Association's standard for grading manuka honey.  Courts may take judicial notice of "technical standards" published by independent associations if those standards can be accurately and readily determined, and the accuracy of their source cannot reasonably be questioned.  *See Cover v. Windsor Surry Co.*, Case No. 14–cv–05262–WHO, 2016 WL 520991, at *1 n.1 (N.D. Cal. Feb. 2, 2016) (taking judicial notice of technical standards published by the American Society of the International Association for Testing and Materials).  Courts may also take notice of information made publicly available online on these grounds.  *See* Fed. R. Evid. 201(b)(2); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (taking judicial notice of information posted on a publicly available website).  The existence of the standards articulated in the UMF Grading System can be accurately and readily determined by visiting the UMF Honey Association's public website; similarly, the authenticity of the UMF Grading System's source cannot be questioned as the UMF Honey Association developed the standards and the standards appears on UMF's official webpage.  *See Cover*, 2016 WL 520991, at *1 n.1; *see also Daniels-Hall,*

1  629 F.3d at 998.  Trader Joe's requests the Court take judicial notice of the UMF
2  Grading System for the existence of standards and not for the purpose of
3  determining the truth of the statements asserted therein.  *See Velazquez v. GMAC*
4  *Mortg. Corp.*, 605 F. Supp. 3d 1049, 1057 (C.D. Cal. 2008).

5  The Court should also take judicial notice of the Bees and Trees Webpage
6  and the True Honey Webpage (collectively "webpages"), because Plaintiffs
7  incorporate both webpages by reference in the FAC, the webpages are central to
8  Plaintiffs' claims, and the authenticity of the webpages cannot be disputed.  *See*
9  *Ritchie*, 342 F.3d at 908.  Plaintiffs expressly cite to, quote from, and rely on the
10 webpages in the FAC.  FAC ¶¶ 45, 52.  Judicial notice of the webpages is proper
11 because the FAC incorporates the webpages by reference.  *Gustavson v. Wrigley*
12 *Sales Co.*, 961 F. Supp. 2d 1100, 1113 (N.D. Cal. 2013) (taking judicial notice of
13 website screenshots plaintiff referenced in the complaint).

14 Judicial notice of the webpages is also proper because the webpages are
15 central to Plaintiffs' allegation that Trader Joe's representations about its manuka
16 honey (the "Product") would deceive a reasonable consumer.  FAC ¶¶ 42–55.
17 Plaintiffs cite the Bee's and Tree's Webpage to support their claim that consumers
18 "attach importance to representations that communicate a higher purity level," and
19 that Trader Joe's representations about the Product were false or misleading.  FAC
20 ¶¶ 45–46.  Plaintiffs cite the True Honey Webpage to support their claim that
21 Trader Joe's allegedly caused Plaintiffs to pay a "premium price" for the Product.
22 FAC ¶¶ 51–55; *see Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007) (finding
23 that the settlement agreement that plaintiff alleged formed the background to
24 defendants' purported violations was "obviously central to the claim").

25 Finally, judicial notice of the webpages is appropriate because the
26 authenticity of the webpages cannot reasonably be disputed.  Kilgore Decl. ¶¶ 3, 4.
27 Courts have previously taken judicial notice of websites.  *See e.g., Caldwell v.*

*Caldwell*, 420 F. Supp. 2d 1102, 1105 n.3 (N.D. Cal. 2006) (taking judicial notice of "two sets of webpages"), *aff'd*, 545 F.3d 1126 (9th Cir. 2008); *Coremetrics Inc. v. Atomic Park.com, LLC*, 370 F. Supp. 2d 1013, 1021 (N.D. Cal. 2005) (taking judicial notice of content on defendant's website); *Cairns v. Franklin Mint Co.*, 107 F. Supp. 2d 1212, 1216 (C.D. Cal. 2000) (taking judicial notice of pages on a museum website), *aff'd*, 292 F.3d 1139 (9th Cir. 2000). Here, the Bees and Trees Webpage and the True Honey Webpage are copies of the websites accessible at the web addresses Plaintiffs provided in the FAC. Kilgore Decl. ¶ 3, 4.

### III.  CONCLUSION

For the foregoing reasons, Trader Joe's respectfully requests that this Court take judicial notice of Exhibits 1, 2, and 3 to the Kilgore Declaration.

Dated:  January 18, 2019

DAWN SESTITO
R. COLLINS KILGORE
O'MELVENY & MYERS LLP

By:  /s/ Dawn Sestito
Dawn Sestito
Attorneys for Defendant