UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN MOORE, et al.,<br>　　　　Plaintiffs,<br>　v.<br>TRADER JOE'S COMPANY,<br>　　　　Defendant. | Case No. 18-cv-04418-KAW<br><br>**ORDER REGARDING JOINT DISCOVERY LETTER**<br>Re: Dkt. No. 35 |

Plaintiffs bring the instant putative class action, alleging that Defendant Trader Joe's Company engaged in "misleading practices in its marketing, advertising, labeling and promotion of its 8.8 oz Trader Joe's Manuka Honey product . . . ."  (First Amended Compl. ("FAC") ¶ 4, Dkt. No. 32.) On February 5, 2019, the parties filed a joint discovery letter regarding the protective order and Defendant's response to Plaintiffs' discovery requests. (Discovery Letter, Dkt. No. 35.)

As an initial matter, the Court raises concerns regarding the parties' meet and confer. For example, Defendant asserts that Plaintiffs refused to identify the specific provisions they objected to in the protective order until February 4, 2019, the day before Plaintiffs' deadline for filing the instant joint letter. (Discovery Letter at 1.) Plaintiffs assert that Defendant refused to comply with the Court's discovery dispute letter requirements. (*Id.* at 5.) The Court will require that both parties review the **entirety** of the Northern District of California's Guidelines for Professional Conduct, available at: https://cand.uscourts.gov/professional_conduct_guidelines.

### A. Protective Order

The parties' primary dispute is over the protective order. Defendant seeks to add provisions from the Northern District of California's Model Protective Order for Litigation involving Patents, Highly Sensitive Confidential Information, and/or Trade Secrets ("Model Order

for Highly Confidential Information") due to the potential of third-party discovery from Defendant's competitors. (Discovery Letter at 2-3.) The Court reviews each of the specific provisions in dispute.

### i. Section 2.6: Experts

The Model Order for Highly Confidential Information defines an "expert" as: "a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party of or a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor." Defendant seeks to further expand the prohibited individuals to include business consultants or advisors. (Discovery Letter at 3.)

Plaintiffs argue that "[t]his will cripple Plaintiffs' ability to retain certain experts." (Discovery Letter at 3.) Defendant states that it would be amenable to a process by which potential experts are disclosed to Defendant before being given access to highly confidential information, with Defendant having a right to object and the parties having the ability to seek resolution by the Court. (*Id.*) The Court finds Defendant's position to be reasonable compromise, and ORDERS the parties to meet and confer on a process by which Defendant may object to Plaintiffs' experts who would be given access to highly confidential information, and which allows the parties to seek relief from the Court if necessary.

### ii. Section 2.7: "Highly Confidential" Information

The Model Order for Highly Confidential Information defines "highly confidential" information as "extremely sensitive 'Confidential Information or Items,' disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means."

Plaintiffs complain that this term is "redundant and unnecessary, and it leaves uncertain what information would be 'extremely sensitive.'" (Discovery Letter at 3.) Plaintiffs also assert that "[t]his over-expansive confidentiality designation would hinder Plaintiffs' ability to conduct discovery and bring discovery disputes to the attention of the Court." (*Id.* at 4.) This language,

2

however, was approved by all judges of the Northern District of California. Moreover, Plaintiffs provide no explanation for why a "Highly Confidential" designation as defined would hinder Plaintiffs' ability to conduct discovery or bring discovery disputes to the Court. As Defendant points out, Plaintiffs will still be able to challenge confidentiality designations, and additionally, any disputes brought to the Court can be filed under seal. The Court finds this term to be appropriate.[1]

### iii. Section 5.2(b): Designating Deposition Testimony

The Model Order for Highly Confidential Information permits a designating party to designate the entirety of a deposition transcript as confidential or highly confidential for twenty-one days, in order to allow the designating party to identify the specific portions of the testimony as to which protection is sought and the level of protection asserted.

Plaintiffs argue this is "an extraordinarily onerous process" that "is clearly an attempt to limit usage of any information in the lawsuit." (Discovery Letter at 4.) The Court disagrees. Again, this is a process that was approved by the Northern District of California. Further, Section 5.2(b) does not forever limit the use of the transcript; rather, it affords a designating party twenty-one days to specifically identify the confidential portions, in order to ensure that the confidentiality designations are narrowly tailored. The Court finds this term appropriate.

### iv. Section 7.3: Limits of Disclosure

Plaintiffs contend that Defendant unfairly limits "House Counsel" to one attorney, and disallows the use of mock jurors or witnesses in the action. (Discovery Letter at 4.)

With respect to "House Counsel," Plaintiffs fail to explain how this term affects them. Plaintiffs are individuals, and "House Counsel" is defined as "attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel." (Stipulated Protective Ord. for Highly Sensitive Confidential Information §

---

[1] The Court also anticipates that Defendant will be judicious in designating protected materials, as required by both model protective orders. (*See* Stipulated Protective Ord. for Standard Litigation § 5.1 ("The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify . . . . Mass, indiscriminate, or routinized designations are prohibited."); Stipulated Protective Ord. for Highly Sensitive Confidential Information § 5.1 (same).)

2.10.) Plaintiffs do not suggest that they have any House Counsel, and it appears that Plaintiffs' counsel are outside counsel who were "retained to represent or advise a party to this action . . . ." (*Id.* § 2.12.) The Court finds this limitation appropriate.

As to the use of mock jurors or witnesses, Defendant argues that this language is taken from the Model Order for Highly Confidential Information. (Discovery Letter at 4.) The Model Order for Highly Confidential Information, however, contemplates the disclosure of information to mock jurors to further trial preparation, and the "draft[ing] of a simplified, precisely tailored Undertaking for mock jurors to sign." (Stipulated Protective Ord. for Highly Sensitive Confidential Information at 10 n.5.) The Court ORDERS the parties to meet and confer on this issue.

### v. Section 12.5: Exclusion of Individuals from Depositions

Defendant seeks to add the following language: "Exclusion of Individuals from Depositions. Counsel for any Designating Party shall have the right to exclude from depositions any person who is not authorized by this Order to receive documents or information designated as Protected Material." (Discovery Letter at 4.) This language is not from either Model Order. Plaintiffs contend that this will give Defendant the unilateral right to exclude anyone from attending a deposition. (*Id.*) Defendant responds that this provision is only intended to allow a designating party to protect its confidential materials by excluding persons not authorized under the Protective Order from attending portions of the deposition during which such materials are discussed. (*Id.*) Defendant states that it is willing to modify the language as follows: "Exclusion of Individuals from Depositions: Counsel for any Designating Party shall have the right to exclude **from the portions of depositions discussing Confidential or Highly Confidential information** any person who is not authorized by this Order to receive documents or information designated as **Confidential or Highly Confidential, respectively**." (*Id.* at 4-5 (emphasis added).)

The Court finds Defendant's modified proposed language reasonable; if an individual is not authorized to receive the confidential or highly confidential information, they would not be permitted to attend portions of a deposition that discuss that confidential or highly confidential information. The Court therefore finds this provision appropriate.

4

### B. Defendant's Production

Plaintiffs assert that Defendant has refused to produce any discovery in light of the current dispute over the protective order, including production that is not confidential such as marketing materials, advertisements, and product labels. (Discovery Letter at 5.) Defendant responds that it has not identified any marketing materials or advertising, while Plaintiffs have the product labels already. (*Id.*) Plaintiffs, however, do not appear to only request marketing materials, advertisements, and product labels; these are only examples of documents that would not be confidential, but that Defendant has failed to produce. The Court is not convinced that Defendant has *no* non-confidential documents that can be produced.[2] The Court therefore ORDERS Defendant to produce all non-confidential, responsive documents within ten days of the date of this order.

IT IS SO ORDERED.

Dated: February 25, 2019

KANDIS A. WESTMORE
United States Magistrate Judge

---

[2] Again, the Court reminds the parties of their obligation not to over-designate materials as confidential.