UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN MOORE, et al.,<br>    Plaintiffs,<br>v.<br>TRADER JOE'S COMPANY,<br>    Defendant. | Case No. 18-cv-04418-KAW<br><br>**ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL**<br>Re: Dkt. No. 51 |

Plaintiff Lynn Moore filed the instant case against Defendant Trader Joe's, asserting that Defendant engaged in "false, misleading, and deceptive marketing and sale" of its Manuka Honey. (First Amended Compl. ("FAC") ¶¶ 9, 11, 37, Dkt. No. 32.) On June 24, 2019, the Court granted Defendant's motion to dismiss without leave to amend. (Dismissal Ord., Dkt. No. 49.) Judgment was entered that same day. (Dkt. No. 50.)

Plaintiff's deadline to appeal was July 24, 2019, or "30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A). On July 25, 2019, Plaintiff filed a motion to extend time to file her appeal. (Plf.'s Mot. to Extend Time, Dkt. No. 51.) Plaintiff's motion was based on counsel's paralegal miscalculating the deadline, as he "thought [he] could wait until July 25, 2019. [The] error was due to June being a 30-day month and therefore [he] thought there was an extra day for filing." (Kim Decl. ¶ 3, Dkt. No. 51-1.) On August 8, 2019, Defendant filed an opposition. (Def.'s Opp'n, Dkt. No. 52.)

Per Federal Rule of Appellate Procedure 4(a)(5)(A), the district court may extend the time to file a notice of appeal if the "party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires," and "that party shows excusable neglect or good cause." In determining excusable neglect, courts consider the *Pioneer* factors of: "(1) the danger of prejudice to the non-

moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004).

The Court finds that the *Pioneer* factors support granting Plaintiff's motion. First, there is no danger of prejudice. Indeed, Defendant does not point to any possibility of prejudice in opposing Plaintiff's motion. (*See* Def.'s Opp'n.) Second, the delay was small, as Plaintiff moved for the extension of time only one day after the July 24, 2019 deadline. Third, while Plaintiff's error was extremely careless, this does not necessarily render the neglect inexcusable, particularly when the other three factors weigh in favor of finding excusable neglect. Indeed, in *Marx v. Loral Corp.*, the Ninth Circuit affirmed an order granting an extension of time where the plaintiff's untimely appeal was due to "a failure to realize that August contained thirty-one days," rather than thirty days. 87 F.3d 1049, 1053-54 (9th Cir. 1996), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896, 926-28 (9th Cir. 2012); *see also Pincay*, 389 F.3d at 859 ("We recognize that a lawyer's failure to read an applicable rule is one of the least compelling excuses that can be offered; yet the nature of the contextual analysis and the balancing of the factors adopted in *Pioneer* counsel against the creation of any rigid rule."). Fourth, there is no evidence in the record to suggest that Plaintiff's conduct was not in good faith.

Accordingly, the Court GRANTS Plaintiff's motion to extend the time to appeal. Plaintiff's deadline to file his appeal is seven days from the date of this order.

IT IS SO ORDERED.

Dated: August 13, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge